## COLLECTOR OF CUSTOMS AT NEWARK v. BALBACH SMELTING & REFINING CO.

(Circuit Court, D. New Jersey. June 24, 1897.)

**CUSTOMS DUTIES—PIG LEAD—WASTAGE.**
Pig and bar lead was dutiable, under paragraph 166 of the act of August 27, 1894, at one cent per pound on the gross weight of the metal imported, and not merely upon the net amount of pure lead contained therein as shown by assay.

J. Kearny Rice, U. S. Dist. Atty., for petition.
Oscar Keen, for defendant.
Paul Fuller, for Guggenheimer & Co.

KIRKPATRICK, District Judge. This matter is brought before the court by an appeal of the collector of customs at the port of Newark, in the district of New Jersey, from a decision of the board of general appraisers made March 30, 1896, concerning the rate and amount of duty charged on certain lead in pigs and bars. It appears that the merchandise was assessed for duty by the collector at the rate of one cent per pound, gross weight, under paragraph 166 of the act of congress of August 27, 1894. Against the assessment the Balbach Smelting & Refining Company duly entered their protest upon the ground that it was laid not only upon the lead contained in the merchandise, but also upon the gold and silver and copper and antimony and other substances contained therein, and they claimed that in accordance with paragraph 166 and section 21 of the act of congress of August 27, 1894, and treasury instructions (Synopsis 10,585), the duty of one cent per pound should be levied only upon the actual net amount of lead contained in the merchandise as found by assay at time of entry in warehouse. The matter coming on to be heard by the board of general appraisers, they found that the merchandise had been properly assessed, under paragraph 166, at the rate of one cent per pound, but decided that the merchandise was dutiable only upon

lead contained in the bullion, which is withdrawn in shape of pig lead, in accordance with section 21 and the treasury regulations on the subject. It will be perceived that all the parties agree that the imported metal is dutiable under paragraph 166 of the act of August 27, 1894, and therefore the only question presented for the consideration of the court is whether, under paragraph 166 and section 21 of the act of August 27, 1894, and treasury regulations (Synopsis 10,585), a duty of one cent per pound shall be assessed upon the gross weight at time of importation, or upon the quantity of refined lead which shall be obtained from the imported metal; that is to say, whether the merchandise is dutiable upon the quantity entered for warehouse, or upon the weight of refined metal at the time of its withdrawal, whether an allowance shall be made for loss or wastage incurred in the smelting or refining, no matter from what cause such loss or wastage be incurred. Section 21 of the act of August 27, 1894, provides for the smelting and refining of metals to make them readily available in the arts, in bonded smelters, and for the removal of the refined product for domestic consumption upon entry and payment of duties, subject to such regulations as the secretary of the treasury might prescribe. In this respect, section 21 of the act of August 27, 1894, is similar to section 24 of the act of October 1, 1890, and pursuant to the authority conferred by the last-named act the regulations of January 8, 1891 (Synopsis 10,585), were promulgated, and they have been continued in force as applying to section 21 of the act of August 27, 1894. Section 4 of these regulations is as follows:

"Upon the withdrawal for consumption in the United States of any refined dutiable metal set aside and considered as equivalent for the metals contained in the imported crude metals or ores smelted in such warehouse, duty will be collected on the corresponding quantity as shown by the original assay of such imported crude ores without any allowance for wastage incurred in the smelting and refining."

It is clear, because stated in express terms, that the duty shall be collected upon the crude metals, without any allowance for wastage incurred in the smelting or refining. The decision of the board of general appraisers, which holds that the duty shall be levied only upon the refined lead contained in the bullion, makes allowance for wastage, and is, therefore, contrary to the authorized regulations made by the treasury department (Synopsis 10,585). To hold that no duty attaches to the crude metal prior to its deposit in the bonded smelter, nor until it has been withdrawn therefrom as refined metal for consumption in the United States, would be to discriminate in favor of the user of the bonded smelter. Importations may be made either for immediate consumption, when the duties are payable at time of importation, or for future use, in which case they are warehoused, and a bond given at the time of importation for the duties found to be due. In each case the duty is assessed at the time of importation. In the former it is paid at once; in the latter it may, by bonding, be deferred. But, whether paid at once or deferred, the rate must be the same upon similar articles. It certainly could not have been the intention of congress to give to one importer, who stored his metals for a time, and refined them in a bonded smelter, and afterwards put them upon the

domestic market, any advantage over another, who imported the same merchandise or metals for immediate consumption, and refined them in a smelter not bonded. There can be no doubt that such would be the effect of the decision of the board of general appraisers. The owner of the bonded smelter would pay only upon the net weight of the refined product, while his competitor would be obliged to have the duty assessed against the gross weight of the imported article. I am of the opinion that the rate of duty assessed under paragraph 166 of the act of August 27, 1894, must be the same for all, and that rate the one named therein, viz. one cent per pound upon the gross weight of the imported metal. I find nothing in section 21 of the act of congress of August 27, 1894, under the regulations prescribed by the secretary of the treasury, as set out in Synopsis 10,585, which authorizes any allowance for wastage, and the consequent assessment of duty only upon the weight of the refined metal withdrawn for consumption. It follows, therefore, that the decision and assessment of the board of general appraisers in this matter must be reversed, and the duty as levied and assessed by the collector of customs at the port of Newark, N. J., affirmed.